IN THE DISTRICT COURT OF THE UNITED STATES FOR
THE DISTRICT OF SOUTH CAROLINA

Derick Charles Wilcox,

Plaintiff,

v.

Warden Duncan; Ms. Carter, *Associate Warden*; Mr. Andrews, *Associate Warden*; Mr. Mullens, *Medical Director SCDC*; Joel Anderson, *Acting Director*; Ms. Johnson, *Lieutenant*; Dr. Chapman, *Psychiatrist*; Ms. Briggs, *Health Care Authority*; Dr. Furness; Ms. Brown; Mr. Days, *Doctor*; Mr. Block, *Psychiatrist*; Ms. Campfield; Mr. Thomas, *Mental Health*; Adrian Phillips, *Dialysis Nurse* Supervisor; Ms. Pugh, *Food Service Supervisor*; Medical Concern Team, *Umbudsmans Office*; Bonnie DeGrafenreid; South Carolina Board of Corrections; Gwen Hall, *Grievance Coordinator*; Mr. McFarland; Ms. Irwin, *Medical Director*,

Defendants.

Case No. 4:26-cv-01975-SAC

**OPINION AND ORDER**

This matter is before the Court on a Report and Recommendation ("Report") of the Magistrate Judge. ECF No. 14. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge Thomas E. Rogers, III, for pre-trial proceedings. For the reasons stated herein, the Court hereby directs the Clerk to dismiss this matter without prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i).

## BACKGROUND

Plaintiff, a state prisoner proceeding *pro se* and *in forma pauperis*, filed this action asserting violations of civil rights under 42 U.S.C. § 1983. *See* ECF No. 1. The Magistrate Judge issued a proper form order advising Plaintiff of deficiencies in his Complaint and directing him to file an amended complaint. ECF No. 7 at 2-4. Plaintiff subsequently sent a letter to the court

stating the following:

> Respectfully, please remove my name from Case No. 4:26-cv-1975-RMG-TER. I am content with the original civil action I filed, No. 4:26-cv-139-RMG-TER. I have mailed my objections to Defendants['] answers on May 5, 2026. I will notify, somehow, the others listed in the first referenced complaint to file their own § 1983 action.

ECF No. 10 at 1. Plaintiff did not file an amended complaint.

On July 20, 2026, the Magistrate Judge issued a Report recommending that this Court (1) construe Plaintiff's letter, ECF No. 10, as a notice of voluntary dismissal under Fed. R. Civ. P. 41(a)(1)(A)(i) and direct the Clerk to dismiss the case without prejudice; (2) or, as alternative relief, issue an order dismissing the case without prejudice pursuant to Fed. R. Civ. P. 41(a)(2). The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. ECF No. 14 at 5. Plaintiff has not filed any objections and the time to do so has lapsed.[1]

**STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to this Court. *Mathews v. Weber*, 423 U.S. 261, 271 (1976). The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Id.* The Court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. *See* 28 U.S.C. § 636(b). The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *Id.* In the absence of an objection, the Court will review the

[1] After the Magistrate Judge issued the Report, Plaintiff sent another letter to the Court stating "Please remove me from the above referenced case, because I already have a case in the Court, Case Number 4:26-cv-00139-RMG-TER. I alread[y] requested removal prior to this letter, I'm not sure if the request was acknowledged." ECF No. 16 at 1.

Report for clear error. *See Diamond v. Colonial Life & Accident Ins.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (citation modified).

## CONCLUSION

The Court has considered the record in this case, the applicable law, and the Report of the Magistrate Judge. The Court finds no clear error and thereby agrees with the recommendation of the Magistrate Judge to construe Plaintiff's letter, ECF No. 10, as a notice of voluntary dismissal under Fed. R. Civ. P. 41(a)(1)(A)(i) and incorporates the Magistrate Judge's recommendation by reference. The Court hereby directs the Clerk to **DISMISS** this matter without prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i).

**IT IS SO ORDERED.**

United States District Judge

September 17, 2026
Greenville, South Carolina